**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF OHIO - CINCINNATI

Case number *(if known)* _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

**12/17**

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Stephen**<br>First name<br><br>**A.**<br>Middle name<br><br>**Mondlak**<br>Last name and Suffix (Sr., Jr., II, III) | **Aynessa**<br>First name<br><br>**D.**<br>Middle name<br><br>**Mondlak**<br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-6917 | xxx-xx-4587 |

| Debtor 1 | **Stephen A. Mondlak** |
|---|---|
| Debtor 2 | **Aynessa D. Mondlak** |

Case number *(if known)* _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:

■ I have not used any business name or EINs.

_____
Business name(s)

_____
EINs

About Debtor 2 (Spouse Only in a Joint Case):

■ I have not used any business name or EINs.

_____
Business name(s)

_____
EINs

**5.** **Where you live**

**147 Township Road 1141**
**Proctorville, OH 45669**
_____
Number, Street, City, State & ZIP Code

**Lawrence**
_____
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

_____
Number, Street, City, State & ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

| Debtor 1 | **Stephen A. Mondlak** | | |
|---|---|---|---|
| Debtor 2 | **Aynessa D. Mondlak** | Case number *(if known)* | |

---

**Part 2:   Tell the Court About Your Bankruptcy Case**

**7.   The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

---

**8.   How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.   Have you filed for bankruptcy within the last 8 years?**

☐ No.
■ Yes.

| District | Southern District of Ohio - Cincinnati Division | When | 7/26/17 | Case number | 17-12742 |
|---|---|---|---|---|---|
| District | | When | | Case number | |
| District | | When | | Case number | |

---

**10.   Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No
☐ Yes.

| Debtor | | Relationship to you | |
|---|---|---|---|
| District | | When | Case number, if known | |
| Debtor | | Relationship to you | |
| District | | When | Case number, if known | |

---

**11.   Do you rent your residence?**

■ No.   Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

| Debtor 1 | **Stephen A. Mondlak** | Case number *(if known)* | |
| Debtor 2 | **Aynessa D. Mondlak** | | |

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No.   Go to Part 4.

☐ Yes.   Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

☑ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.

☐ Yes.   What is the hazard?

_____

If immediate attention is needed, why is it needed?

_____

Where is the property?

_____
Number, Street, City, State & Zip Code

Debtor 1    **Stephen A. Mondlak**

Debtor 2    **Aynessa D. Mondlak**

Case number *(if known)*

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

    ☐ **Incapacity.**
    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**
    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**
    I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

    ☐ **Incapacity.**
    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**
    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**
    I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Stephen A. Mondlak**

Debtor 2    **Aynessa D. Mondlak**

Case number *(if known)*

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
|---|---|

**16.** What kind of debts do you have?

**16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

■ No. Go to line 16b.

☐ Yes. Go to line 17.

**16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

■ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts

**17.** Are you filing under Chapter 7?

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ No. I am not filing under Chapter 7. Go to line 18.

■ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

■ No

☐ Yes

**18.** How many Creditors do you estimate that you owe?

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19.** How much do you estimate your assets to be worth?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,000 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20.** How much do you estimate your liabilities to be?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,000 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| **Part 7:** | **Sign Below** |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| /s/ Stephen A. Mondlak | /s/ Aynessa D. Mondlak |
|---|---|
| **Stephen A. Mondlak** | **Aynessa D. Mondlak** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on   **February 28, 2018** | Executed on   **February 28, 2018** |
| MM / DD / YYYY | MM / DD / YYYY |

| | |
|---|---|
| Debtor 1 | **Stephen A. Mondlak** |
| Debtor 2 | **Aynessa D. Mondlak** |

Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Gregory M. Wetherall, Esq.**
Signature of Attorney for Debtor

Date    **February 28, 2018**
MM / DD / YYYY

**Gregory M. Wetherall, Esq.**
Printed name

**Law Office of Gregory M. Wetherall**
Firm name

**4030 Mount Carmel Tobasco Rd**
**Suite 122**
**Cincinnati, OH 45255**
Number, Street, City, State & ZIP Code

Contact phone    **(513) 528-0200**

Email address    **Greg@CincinnatiBankruptcy.com**

**0067307 OH**
Bar number & State

---

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Southern District of Ohio - Cincinnati

In re    **Stephen A. Mondlak**      Case No. _____

**Aynessa D. Mondlak**      Chapter   **7**

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 1,500.00 |
| Prior to the filing of this statement I have received | $ | 1,500.00 |
| Balance Due | $ | 0.00 |

2.   The source of the compensation paid to me was:

     ■ Debtor     ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ■ Debtor     ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.   [Other provisions as needed]
       **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding or contested matter.**

     **The undersigned attorney and the undersigned debtors agree that attorney shall be entitled to bill for his services, not includied in the fee, at the current market rate, customary for an attorney with his experience and skill, at the time the said services are rendered. The undersigned attorney and the undersigned debtors agree that current rate, at which the undersigned attorney may bill for his legal services, is $350.00 per hour. The undersigned debtors acknowledge, however, that this rate may increase over time including the period during which their Chapter 7 Case is pending.**

     **By signing below, the attorney and the debtors acknowledge that they have read and understand this application, the services to be rendered by the attorney pursuant to the application and the fees associated with those services. The undersigned attorney and the undersigned debtors also agree and acknowledge that the terms of this application constitute a legally enforceable agreement betweeen them and they agree to be bound by the terms included herein.**

In re  **Stephen A. Mondlak**
       **Aynessa D. Mondlak**
_____
                    Debtor(s)

Case No. _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
## (Continuation Sheet)

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**February 28, 2018**
_____
_Date_

**/s/ Gregory M. Wetherall, Esq.**
_____
**Gregory M. Wetherall, Esq.**
_Signature of Attorney_
**Law Office of Gregory M. Wetherall**
**4030 Mount Carmel Tobasco Rd**
**Suite 122**
**Cincinnati, OH 45255**
**(513) 528-0200  Fax: (513) 528-1762**
**Greg@CincinnatiBankruptcy.com**
_____
_Name of law firm_

---

Date  **February 28, 2018**
_____

Signature  **/s/ Stephen A. Mondlak**
_____
**Stephen A. Mondlak**
Debtor


Date  **February 28, 2018**
_____

Signature  **/s/ Aynessa D. Mondlak**
_____
**Aynessa D. Mondlak**
Joint Debtor

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Stephen A. Mondlak |
| Debtor 2 (Spouse, if filing) | Aynessa D. Mondlak |
| United States Bankruptcy Court for the: | Southern District of Ohio - Cincinnati |
| Case number (if known) | |

**Check one box only as directed in this form and in Form 122A-1Supp:**

- ☑ 1. There is no presumption of abuse.
- ☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).
- ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 122A - 1
## Chapter 7 Statement of Your Current Monthly Income

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

### Part 1:    Calculate Your Current Monthly Income

1.  **What is your marital and filing status?** Check one only.

    ☐ **Not married.** Fill out Column A, lines 2-11.

    ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

    ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

        ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

        ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|
| 2.  **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ | $ |
| 3.  **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ | $ |
| 4.  **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ | $ |

5.  **Net income from operating a business, profession, or farm**

| | Debtor 1 | |
|---|---|---|
| Gross receipts (before all deductions) | $ | |
| Ordinary and necessary operating expenses | -$ | |
| Net monthly income from a business, profession, or farm | $ | Copy here -> $     $ |

6.  **Net income from rental and other real property**

| | Debtor 1 | |
|---|---|---|
| Gross receipts (before all deductions) | $ | |
| Ordinary and necessary operating expenses | -$ | |
| Net monthly income from rental or other real property | $ | Copy here -> $     $ |

| | | |
|---|---|---|
| 7.  **Interest, dividends, and royalties** | $ | $ |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Debtor 1    **Stephen A. Mondlak**

Debtor 2    **Aynessa D. Mondlak**

Case number (*if known*) _____

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| **8. Unemployment compensation** | $ _____ | $ _____ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you .............................................. $ _____

For your spouse .................................. $ _____

**9. Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.

| | $ _____ | $ _____ |
|---|---|---|

**10. Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

| | $ _____ | $ _____ |
|---|---|---|
| _____ | $ _____ | $ _____ |
| Total amounts from separate pages, if any. | + $ _____ | $ _____ |

**11. Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ _____ + $ _____ = $ _____

**Total current monthly income**

| **Part 2:** | **Determine Whether the Means Test Applies to You** |
|---|---|

**12. Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 ...................... **Copy line 11 here=>**    $ _____

Multiply by 12 (the number of months in a year)    **x 12**

12b. The result is your annual income for this part of the form    12b.    $ _____

**13. Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    [_____]

Fill in the number of people in your household.    [_____]

Fill in the median family income for your state and size of household.    13.    $ _____

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**14. How do the lines compare?**

14a. ☐ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.* Go to Part 3 and fill out Form 122A-2.

| **Part 3:** | **Sign Below** |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

**X** /s/ Stephen A. Mondlak    **X** /s/ Aynessa D. Mondlak

**Stephen A. Mondlak**    **Aynessa D. Mondlak**

Signature of Debtor 1    Signature of Debtor 2

Date **February 28, 2018**    Date **February 28, 2018**

MM / DD / YYYY    MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

Debtor 1    Stephen A. Mondlak

Debtor 2    Aynessa D. Mondlak
(Spouse, if filing)

United States Bankruptcy Court for the:   Southern District of Ohio - Cincinnati

Case number
(if known)

☐ Check if this is an amended filing

## Official Form 122A - 1Supp
## Statement of Exemption from Presumption of Abuse Under § 707(b)(2)    12/15

File this supplement together with *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1), if you believe that you are exempted from a presumption of abuse. Be as complete and accurate as possible. If two married people are filing together, and any of the exclusions in this statement applies to only one of you, the other person should complete a separate Form 122A-1 If you believe that this is required by 11 U.S.C. § 707(b)(2)(C).

**Part 1**    **Identify the Kind of Debts You Have**

1. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." Make sure that your answer is consistent with the answer you gave at line 16 of the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 1).

   ■ No. Go to Form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

   ☐ Yes. Go to Part 2.

**Part 2:**    **Determine Whether Military Service Provisions Apply to You**

2. **Are you a disabled veteran** (as defined in 38 U.S.C. § 3741(1))?

   ☐ No.   Go to line 3.

   ☐ Yes. Did you incur debts mostly while you were on active duty or while you were performing a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

       ☐ No.   Go to line 3.

       ☐ Yes.   Go to Form 122A-1: on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

3. **Are you or have you been a Reservist or member of the National Guard?**

   ☐ No.   Complete Form 122A-1. Do not submit this supplement.

   ☐ Yes.   Were you called to active duty or did you perform a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

       ☐ No.   Complete Form 122A-1. Do not submit this supplement.

       ☐ Yes.   Check any one of the following categories that applies:

          ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and remain on active duty.

          ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and was released from active duty on _____, which is fewer than 540 days before I file this bankruptcy case.

          ☐ **I am performing a homeland defense activity for at least 90 days.**

          ☐ **I performed a homeland defense activity for at least 90 days,** ending on _____, which is fewer than 540 days before I file this bankruptcy case.

   > If you checked one of the categories to the left, go to Form 122A-1. On the top of page 1 of Form 122A-1, check box 3, *The Means Test does not apply now,* and sign Part 3. Then submit this supplement with the signed Form 122A-1. You are not required to fill out the rest of Official Form 122A-1 during the exclusion period. The *exclusion period* means the time you are on active duty or are performing a homeland defense activity, and for 540 days afterward. 11 U.S.C. § 707(b)(2)(D)(ii).
   >
   > If your exclusion period ends before your case is closed, you may have to file an amended form later.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Stephen A. Mondlak |
| Debtor 2 (Spouse, if filing) | Aynessa D. Mondlak |
| United States Bankruptcy Court for the: | Southern District of Ohio - Cincinnati |
| Case number (if known) | |

**Check one box only as directed in this form and in Form 122A-1Supp:**

■ 1. There is no presumption of abuse.

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

# Official Form 122A - 1
# Chapter 7 Statement of Your Current Monthly Income

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

## Part 1:    Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

   ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

   ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ _____ | $ _____ |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ _____ | $ _____ |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ _____ | $ _____ |

5. **Net income from operating a business, profession, or farm**

   |  | Debtor 1 | | |
   |---|---|---|---|
   | Gross receipts (before all deductions) | $ _____ | | |
   | Ordinary and necessary operating expenses | -$ _____ | | |
   | Net monthly income from a business, profession, or farm | $ _____ | Copy here -> | $ _____ (A)   $ _____ (B) |

6. **Net income from rental and other real property**

   |  | Debtor 1 | | |
   |---|---|---|---|
   | Gross receipts (before all deductions) | $ _____ | | |
   | Ordinary and necessary operating expenses | -$ _____ | | |
   | Net monthly income from rental or other real property | $ _____ | Copy here -> | $ _____ (A)   $ _____ (B) |

| 7. **Interest, dividends, and royalties** | $ _____ | $ _____ |
|---|---|---|

Debtor 1    **Stephen A. Mondlak**
Debtor 2    **Aynessa D. Mondlak** _____    Case number (*if known*) _____

|  |  | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|

8.  **Unemployment compensation**    $ _____    $ _____
    Do not enter the amount if you contend that the amount received was a benefit under
    the Social Security Act. Instead, list it here:
    For you ................................................ $ _____
    For your spouse .................................. $ _____

9.  **Pension or retirement income.** Do not include any amount received that was a    $ _____    $ _____
    benefit under the Social Security Act.

10. **Income from all other sources not listed above.** Specify the source and amount.
    Do not include any benefits received under the Social Security Act or payments
    received as a victim of a war crime, a crime against humanity, or international or
    domestic terrorism. If necessary, list other sources on a separate page and put the
    total below.
    . _____    $ _____    $ _____
    _____    $ _____    $ _____
    Total amounts from separate pages, if any.    +  $ _____    $ _____

11. **Calculate your total current monthly income.** Add lines 2 through 10 for
    each column. Then add the total for Column A to the total for Column B.    $ _____    + $ _____    = $ _____

    **Total current monthly income**

| Part 2: | Determine Whether the Means Test Applies to You |
|---|---|

12. **Calculate your current monthly income for the year.** Follow these steps:

    12a. Copy your total current monthly income from line 11 ............................ **Copy line 11 here=>**    $ _____

    Multiply by 12 (the number of months in a year)    **x 12**

    12b. The result is your annual income for this part of the form    12b.    $ _____

13. **Calculate the median family income that applies to you.** Follow these steps:

    Fill in the state in which you live.    [          ]

    Fill in the number of people in your household.    [          ]

    Fill in the median family income for your state and size of household. ...........................    13.    $ _____
    To find a list of applicable median income amounts, go online using the link specified in the separate instructions
    for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**
    14a.  ☐  Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
                Go to Part 3.
    14b.  ☐  Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
                Go to Part 3 and fill out Form 122A-2.

| Part 3: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X  **/s/ Stephen A. Mondlak** _____    X  **/s/ Aynessa D. Mondlak** _____
    **Stephen A. Mondlak**    **Aynessa D. Mondlak**
    Signature of Debtor 1    Signature of Debtor 2

Date  **February 28, 2018** _____    Date  **February 28, 2018** _____
    MM / DD / YYYY    MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

**Fill in this information to identify your case:**

Debtor 1    Stephen A. Mondlak

Debtor 2    Aynessa D. Mondlak
(Spouse, if filing)

United States Bankruptcy Court for the:   Southern District of Ohio - Cincinnati

Case number
(if known)

☐ Check if this is an amended filing

# Official Form 122A - 1Supp

## Statement of Exemption from Presumption of Abuse Under § 707(b)(2)    12/15

**File this supplement together with *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1), if you believe that you are exempted from a presumption of abuse. Be as complete and accurate as possible. If two married people are filing together, and any of the exclusions in this statement applies to only one of you, the other person should complete a separate Form 122A-1 If you believe that this is required by 11 U.S.C. § 707(b)(2)(C).**

| Part 1 | Identify the Kind of Debts You Have |
|---|---|

1. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." Make sure that your answer is consistent with the answer you gave at line 16 of the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 1).

   ■ No.   Go to Form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

   ☐ Yes. Go to Part 2.

| Part 2: | Determine Whether Military Service Provisions Apply to You |
|---|---|

2. **Are you a disabled veteran** (as defined in 38 U.S.C. § 3741(1))?

   ☐ No.   Go to line 3.

   ☐ Yes. Did you incur debts mostly while you were on active duty or while you were performing a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

        ☐ No.   Go to line 3.

        ☐ Yes. Go to Form 122A-1: on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

3. **Are you or have you been a Reservist or member of the National Guard?**

   ☐ No.   Complete Form 122A-1. Do not submit this supplement.

   ☐ Yes. Were you called to active duty or did you perform a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

        ☐ No.   Complete Form 122A-1. Do not submit this supplement.

        ☐ Yes. Check any one of the following categories that applies:

            ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and remain on active duty.

            ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and was released from active duty on _____, which is fewer than 540 days before I file this bankruptcy case.

            ☐ **I am performing a homeland defense activity for at least 90 days.**

            ☐ **I performed a homeland defense activity for at least 90 days,** ending on _____, which is fewer than 540 days before I file this bankruptcy case.

   > If you checked one of the categories to the left, go to Form 122A-1. On the top of page 1 of Form 122A-1, check box 3, *The Means Test does not apply now,* and sign Part 3. Then submit this supplement with the signed Form 122A-1. You are not required to fill out the rest of Official Form 122A-1 during the exclusion period. The *exclusion period* means the time you are on active duty or are performing a homeland defense activity, and for 540 days afterward. 11 U.S.C. § 707(b)(2)(D)(ii).
   >
   > If your exclusion period ends before your case is closed, you may have to file an amended form later.

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and
>
> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation
>
> Chapter 11 - Reorganization
>
> Chapter 12 - Voluntary repayment plan for family farmers or fishermen
>
> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;
>
> most student loans;
>
> domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

**Chapter 11: Reorganization**

---

| | $1,167 | filing fee |
|---|---|---|
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

## Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

     domestic support obligations,

     most student loans,

     certain taxes,

     debts for fraud or theft,

     debts for fraud or defalcation while acting in a fiduciary capacity,

     most criminal fines and restitution obligations,

     certain debts that are not listed in your bankruptcy papers,

     certain debts for acts that caused death or personal injury, and

     certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case.* If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days **before** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

.

Ally
PO Box 380902
Minneapolis, MN 55438-0901

Ditech
PO Box 94710
Palatine, IL 60094

First Horizon Home Loan
4000 Horizon Way
Irving, TX 75063

Matthew J. Murtland, Esq.
Shapiro Van Ess Phillips & Barragate LLP
4805 Montgomery Rd., Suite 320
Cincinnati, OH 45212

Nationstar Mortgage, LLC
8950 Cypress Waters Blvd
Irving, TX 75063

Seterus, Inc.
PO Box 1077
Hartford, CT 06143

## 11 U.S.C. § 527(a)(2) Disclosure

In accordance with section 527(a)(2) of the Bankruptcy Code, be advised that:

1.  All information that you are required to provide with a bankruptcy petition and during a bankruptcy case must be complete, accurate, and truthful.

2.  All assets and liabilities must be completely and accurately disclosed, with the replacement value of each asset as defined in section 506 listed after reasonable inquiry to establish such value.

3.  Current monthly income, the amounts specified in the "means test" under section 707(b)(2), and disposable income in chapter 13 cases must be stated after reasonable inquiry.

4.  Information that you provide during your bankruptcy case may be audited, and the failure to provide such information may result in dismissal of the case or other sanction, including a criminal sanction.

Date  **February 28, 2018**        Signature  **/s/ Stephen A. Mondlak**
                                               **Stephen A. Mondlak**
                                               Debtor

Date  **February 28, 2018**        Signature  **/s/ Aynessa D. Mondlak**
                                               **Aynessa D. Mondlak**
                                               Joint Debtor

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, and in some cases a Statement of Intention, need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of the creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

Date **February 28, 2018**      Signature **/s/ Stephen A. Mondlak**
                                            **Stephen A. Mondlak**
                                            Debtor

Date **February 28, 2018**      Signature **/s/ Aynessa D. Mondlak**
                                            **Aynessa D. Mondlak**
                                            Joint Debtor